No. 21327.

ROBERT WELLINGTON WILLIAMS *v.* THE PEOPLE
OF THE STATE OF COLORADO.
(403 P.2d 436)

Decided June 21, 1965.     Rehearing denied July 6, 1965.

MICHAEL T. VAGGALIS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties will be referred to as they appeared in the trial court where plaintiff in error was the defendant.

Defendant was found guilty in a trial to the court of a two-count direct information which charged him with the crimes of burglary (C.R.S. '53, 40-3-6) and larceny of money from the person (C.R.S. '53, 40-5-2).

The record shows that Thomas Loughery, the prosecuting witness, was asleep at night in his hotel room in Denver with his clothes on when he was awakened by the sensation that someone was going through his pockets. He then noticed his door being opened and saw the defendant (a stranger and non-resident of the hotel) leave. Just then he looked into his left pocket for a number of small bills he had previously placed therein and found them missing. He thereupon immediately pursued defendant and captured him in the hotel hallway with the help of two other men. The defendant was subdued and $77.00 in bills were pried from Williams' hand. The police were called and after their prompt arrival, the defendant, under questioning denied the theft and the fact that the money in question had been taken from him. Defendant also had two billfolds on his person at the time of his arrest one of which contained an additional $27.00. Both Loughery and the hotel manager who had helped subdue defendant, testified to the hallway fracas, and Police Officer Ronald Ostermiller testified as to defendant's denials when arrested.

On March 11, 1963, defendant appeared with his court-appointed counsel and entered a plea of not guilty as to both counts. Subsequently, on September 27, 1963, there was added a plea of not guilty by reason of insanity. Following a report from the State Hospital, the insanity plea was withdrawn and defendant executed a formal waiver of a jury trial. A trial was had to the court. At the conclusion of the People's case, counsel for defendant moved for a judgment of dismissal. The motion was denied. Defendant then chose not to present any evidence other than that elicited by his court-appointed counsel's cross-examination of the prosecution's witnesses. The trial court found defendant guilty on both counts. After denying his motion for a new trial, he was sentenced to concurrent terms in the state penitentiary.

Defendant, with new court-appointed counsel, alleges two grounds for reversal on this writ of error:

(1) The information was defective in that the affidavit of the complaining witness Loughery was improperly executed because the affiant's testimony is, in some particulars, in direct conflict with the allegations thereof; and,

(2) The evidence adduced at the trial fails to support the judgment of guilty.

As to the first ground, defendant contends that Loughery was not a competent witness as is required under Rule 7 (3) (iii) of Colo. R. Crim. P. He reasons that under the aforementioned rule a direct information cannot be filed unless the prosecutor has an affidavit of some credible person competent to testify in the case; that Loughery who signed the affidavit admitted on cross-examination that he had not read the affidavit before signing it and only stated that he knew the contents thereof; and, in addition, that the affidavit recited that $77.00 had been taken by defendant, whereas Loughery testified that he had had $99.00, and all of it was taken by defendant. Defendant thus contends

446

that Loughery's testimony impeached his affidavit and urges that the latter is thus in effect void. We do not agree.

Rule 7 (3) (iii), *supra,* only requires that the affiant be "some credible person competent to testify in the case" who has "personal knowledge that the offense was committed." Loughery certainly knew that the offenses had been committed and he also knew that it was the defendant whom he had captured after he saw him leave his room — so that requirement of the rule is met. Although it is extremely poor practice to sign without reading, yet, such doesn't make Loughery an uncreditable witness if he signed the affidavit as prepared and explained to him believing he knew what it said. Nor does the discrepancy in the amount of money taken and charged render him incompetent. The fact that defendant was only charged with taking $77.00 of Loughery's $99.00 doesn't afford him escape for his theft of the $77.00, nor impeach Loughery's testimony that he had $99.00 which disappeared at the time of the crime.

Further, all persons are competent to testify unless they come within the purview of those persons excluded by C.R.S. 1963, 154-1-1, et seq. The affiant not being excluded by the above mentioned statute, and defendant failing at the trial to overcome the presumption of competency, no error occurred.

As for the second ground for reversal, a careful review of the record shows that defendant's contention as to the insufficiency of the evidence is without merit. There is ample uncontradicted evidence in the record to support the trial court's findings as to the guilt of defendant on both counts.

Affirmed.

Mr. Chief Justice Pringle and Mr. Justice Schauer concur.