## No. 25812

**The People of the State of Colorado v.
Michael S. Forbes**
(524 P.2d 1377)

Decided July 29, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant appeals from convictions on the charges of conspiracy to commit theft, removal of automobile parts, and conspiracy to remove automobile parts. He was acquitted on the charge of theft. We affirm two of these convictions and reverse and order the trial court to vacate the conviction on conspiracy to remove automobile parts.

I.

Defendant argues that the trial court erred in allowing defendant's mother to testify as to certain facts which tended to incriminate her son. Several reasons for excluding her testimony are suggested by the defendant.

■■ First, defendant contends that his mother was incapacitated by reason of a hearing loss and her testimony should therefore have been disallowed by the trial court. The record reveals that the witness had a hearing deficiency and several questions had to be repeated. Her answers were responsive to the questions asked, which rather clearly indicates that she perceived the meaning of the questions. C.R.S. 1963, 154-1-1 provides that "(a)ll persons without exception, other than those specified in sections 154-1-2 to 154-1-8 may be witnesses . . . ." C.R.S. 1963, 154-1-1 *et seq.* does not provide a ground for excluding this witness' testimony. *See Williams v. People,* 157 Colo. 443, 403 P.2d 436 (1965).

■ The defendant also suggests that his mother would not have testified if she had fully understood her Fifth Amendment right not to testify on the grounds of self-incrimination. The defendant therefore argues that her testimony should have been excluded. Even assuming that the witness' rights were violated (they were not in our view), the defendant lacks standing to assert this argument, since he is not the person whose rights are protected in this instance by the Fifth Amendment. *See Knapp v. People,* 180 Colo. 280, 505 P.2d 7 (1973).

II.

■ The defendant next argues that the trial court erred in admitting a hearsay statement overheard by the witness Mrs. Hoffsety. She testified that she heard a person fitting the description of the defendant say to his companion at the scene of the alleged removal of an engine from a blue Volkswagen automobile, "You'd better hurry before we get caught." Mrs. Hoffsety, however, was unable to identify the defendant in court as the person who made this declaration.

This hearsay admission would be admissible if it were in

fact made by the defendant. The trial court, on the basis of other evidence, properly made a preliminary determination of fact that the declarant was the defendant. See *McCormick on Evidence* § 53 (2nd Ed. 1972).

The record reveals that there was substantial evidence that the declarant was the defendant. The trial court allowed the hearsay statement to be admitted only after the testimony of the defendant's mother established the defendant's presence at the scene of the alleged crime. It should be noted that although Mrs. Hoffsety could not identify the defendant at the trial, her description of the declarant matches the defendant's description. The statement was, therefore, properly admitted under the admission exception to the hearsay rule.

### III.

■ The defendant asserts that the record reveals plain error because the same evidence under which the jury acquitted the defendant of the charge of theft was the only evidence before the jury on the charge of conspiracy to commit theft. Consequently, it is argued that this conspiracy conviction should have been voided by the trial court as an inconsistent verdict.

In *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966), we vacated a conviction of conspiracy to rob because the only evidence of conspiracy was the same evidence upon which the jury acquitted the defendant of robbery. Here, however, there is evidence of a conspiracy separate and independent of the actual removal of the automobile parts, *e.g.,* Mrs. Hoffsety's testimony that she heard a man who fit the description say to his companion: "You'd better hurry up before we get caught." We therefore hold that these two verdicts are not inconsistent. *People v. Walker,* 182 Colo. 317, 512 P.2d 1243 (1973); *Salazar v. People,* 166 Colo. 508, 445 P.2d 60 (1968).

■ We do note, however, that the defendant was convicted of conspiracy to remove automobile parts and conspiracy to commit theft, and that both charges involved the same criminal transaction. The conviction for conspiracy

to remove automobile parts must be vacated. This court addressed itself to this very situation in *People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969) wherein we ruled that conspiracy constitutes a single offense even though the agreement upon which the charge is founded contemplates the performance of several criminal acts.

The other argument raised by the defendant is without merit and requires no discussion. Accordingly, the trial court's judgment is affirmed in part, reversed in part, and this cause is remanded to the trial court with directions to vacate the defendant's conviction on the charge of conspiracy to remove automobile parts.

MR. JUSTICE ERICKSON does not participate.