### No. 26231

### The People of the State of Colorado v. Henry Mingo

(551 P.2d 196)

Decided June 14, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant, Henry Mingo, was charged with and convicted of felony theft in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-401,[1] and conspiracy to commit theft, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-2-201.[2] The issue of guilt was determined by a jury.

On appeal, the defendant seeks reversal and a new trial on the sole ground that the court erred in refusing defendant's tendered instruction No. 2, which related to the lesser included offense of theft of a thing of value of less than $100, a misdemeanor. There is no appeal from the conspiracy conviction for which the defendant received a concurrent sentence of like length to that imposed for the theft. We find that the defendant was not prejudiced by the court's action and, therefore, affirm.

## I.
## The Facts

An abbreviated statement of the facts will suffice for the purpose of discussing the issues presented by this appeal.

The defendant and one Lewis were observed in the hardware department of the Montgomery Ward store at 555 South Broadway, Denver, by a clerk. The clerk called the store investigator who observed Lewis "pawing" the socket wrench sets while the defendant went to another area. Lewis left the socket wrench counter. The investigator immediately checked and found three sets missing from the counter. He tried unsuccessfully to follow Lewis, who apparently left the store.

Shortly thereafter, both Lewis and the defendant were again observed in the hardware department. The testimony of the investigator then related the following:

"At that time Mr. Mingo walked up to Mr. Lewis; both of them talked; Mr. Lewis got in front of Mr. Mingo; they walked a little bit up from the counter; they looked around at the sales clerks; they talked; then they both reached down, picked up socket sets, put them under their coats and walked out the door and went into a truck where we apprehended them."

---

[1]Now section 18-4-401, C.R.S. 1973.
[2]Now section 18-2-201, C.R.S. 1973.

Mr. Mingo was seen putting three sets of wrenches under his coat at that time. Mr. Lewis took a like number. Both the defendant and Lewis got into the same truck and were immediately apprehended. Nine sets of socket wrenches were recovered from the floor of the cab of the truck. The retail value of each set of wrenches was $25.95.

The People's evidence was uncontradicted. The defense consisted solely of the testimony of a Mr. White. Mr. White, the owner of the truck involved, testified that he brought Mr. Lewis to the store but that he had not seen the defendant until he and Mr. Lewis came to the truck together immediately prior to their apprehension.

## II.
### Instructions

As noted, the defendant's only assignment of error is based on the refusal of the court to give his tendered instruction No. 2. This instruction was warranted, the defendant contends, because it was his theory of defense. The gist of the instruction was that if the jury found the value of the wrenches taken by the defendant to be less than $100 it should find him guilty of misdemeanor theft. The defendant's theory was that the only testimony as to the number of sets of wrenches actually taken by the defendant showed that he had put three sets under his coat and walked out.

The court instructed the jury as to the elements of the offense charged and advised the jury that it had to find the existence of every element thereof by proof beyond a reasonable doubt. One of those elements was that the value of the stolen goods had to be $100 or more. Moreover, the court submitted a form of verdict which contained two squares with directions to the jury to place an "X" in either the square finding the value of the stolen goods to be less than $100 or the one finding the value to be $100 or more. The jury found the goods to be worth $100 or more and accordingly marked the appropriate square.

Inasmuch as the only difference in misdemeanor theft and felony theft is the element of value, the jury was in effect instructed on misdemeanor theft. To whatever extent the instruction is deficient, there is no corresponding degree of prejudice to the defendant under the circumstances here. The defendant, under the circumstances, did, in fact, have an instruction on his theory of the case. Consequently, whatever error there may have been in the court's failure to give a separate instruction on the lesser-included offense did not prejudice the defendant and was, therefore, harmless.

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result.