564 P.2d 431 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Alfred David COCA, Defendant-Appellant.
No. 75-699.
Colorado Court of Appeals, Div. III.
May 5, 1977.
*432 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., E. Ronald Beeks, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Carol L. Gerstl, Deputy State Public Defender, Denver, for defendant-appellant.
PIERCE, Judge.
Defendant, Alfred Coca, appeals his conviction of burglary and felony theft. We reverse.

I.
Defendant's principal contention is that the trial court erred in ruling that an accomplice was competent to testify. We agree that reversible error was committed in this regard.
*433 The accomplice had been adjudicated as criminally insane in March 1974, and had been confined in the State Hospital from that time until defendant's trial in July 1975. After the jury was sworn, but prior to trial, defendant sought an in camera hearing to exclude the accomplice's testimony under § 13-90-106, C.R.S. 1973, which provides that "persons who are of unsound mind at the time of their production for examination" may not testify. The trial court ruled the accomplice competent.
Upon timely challenge, defendant was entitled to a preliminary determination by the trial court of the competency of this witness. State v. Kahner, 217 Minn. 574, 15 N.W.2d 105 (1944); State v. Moorison, 43 Wash.2d 23, 259 P.2d 1105 (1953). See also Johnson v. People, 171 Colo. 505, 468 P.2d 745 (1970). A trial court's determination of competency is aided in this respect by presumptions. For example, absent a showing by the defense that the witness falls within certain statutory exclusions, the witness is presumed competent to testify. See Williams v. People, 157 Colo. 443, 403 P.2d 436 (1965).
An altogether different situation is presented, however, where, as here, the proffered witness has been adjudicated insane. Such adjudication is sufficient to create a prima facie showing of incompetency, shifting the burden of proof of competency to the proponent of the testimony. State v. Moorison, supra; State v. Kahner, supra; Skelton v. State, 148 Neb. 30, 26 N.W.2d 378 (1947); People v. Crandall, 43 Cal. App.2d 238, 110 P.2d 682 (1941); State v. Herring, 268 Mo. 514, 188 S.W. 169 (1916). Cf. Butler v. State, 217 Miss. 40, 63 So.2d 779 (1953).
Adjudication of insanity does not conclusively render a witness incompetent, see Howard v. Hester, 139 Colo. 255, 338 P.2d 106 (1959), and there need not be a formal adjudication of sanity prior to testifying. State v. Moorison, supra. Rather, a rebuttable presumption arises. A person adjudged incompetent may testify so long as the trial court determines through appropriate voir dire examination and proper testimony in camera that, regardless of sanity, the witness appreciates and understands the nature and obligation of the oath and is capable of accurate recollection and narration. State v. Kahner, supra; State v. Herring, supra. See also Wilkinson v. People, 86 Colo. 406, 282 P. 257 (1929).
This was not done here. The court only took judicial notice of case files covering earlier court proceedings involving the witness. These case files reflected a judicial determination that the witness was criminally insane at the time of an escape from custody following arrest for the instant burglary, subsequent commitment to the State Hospital on the insanity adjudication, and a recent jury determination that the witness was not eligible for release from confinement. No judicial proceeding had decreed the return of the witness to sanity. Although a medical report introduced in the release proceeding indicated the witness' sanity, the jury's verdict in that case did not speak to either the question of sanity or competency. Nonetheless, here the court concluded that the witness was competent, without making any inquiries of the witness to determine present competency. This ruling constituted an abuse of discretion. Butler v. State, supra; People v. Crandall, supra. See also State v. Herring, supra. See generally Parks v. District Court, 180 Colo. 202, 503 P.2d 1029 (1972).
The People attempt to support the trial court's ruling by arguing that because the statutory criteria for criminal insanity and eligibility for release differ from those governing competence to testify, the previous adjudication of insanity does not necessarily require a finding of incompetency. Compare §§ 16-8-101 and 120(1), C.R.S. 1973, with § 13-90-106, C.R.S. 1973. This argument misapprehends the thrust of prevailing precedent. The adjudication of insanity only raises a rebuttable presumption of incompetency. Our statutory scheme in this regard differs in no relevant particular from those in jurisdictions whose cases we have cited in support of the general rule of *434 presumptive incompetence of the adjudicated insane. That the criteria for insanity and competence are not congruent only illustrates why the presumption is not conclusive. Moreover, the difference between release and insanity proceedings militates against viewing the jury verdict and medical report in the release hearing as sufficient in themselves to support a finding of competency. See Parks v. District Court, supra. See also State v. Hardung, 161 Wash. 379, 297 P. 167 (1931).
The People also contend that the trial court's failure to properly determine the witness' competency prior to trial is not reversible error, inasmuch as this court can peruse the testimony given by the witness at trial, which testimony they assert is demonstrative of competency. However, this opportunity for later appellate review is inadequate. From a cold record we cannot evaluate the demeanor or general impression of a witness. Thus, we will not attempt to ascertain from the transcript alone whether the witness was competent at trial. State v. Kahner, supra; State v. Moorison, supra. See also Johnson v. People, supra.

II.
Defendant argues that the trial court erred in failing to strike the entirety of the accomplice's testimony following the witness' invocation of the Fifth Amendment. The accomplice had been granted immunity on the burglary and theft charges, and testified extensively regarding the defendant's alleged participation. On cross-examination, defense counsel asked the witness whether he had been under the influence of drugs at that time. The witness refused to answer, citing his privilege against self-incrimination. This refusal to answer was properly upheld by the trial court. See State v. Montanez, 215 Kan. 67, 523 P.2d 410 (1974). See generally Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).
At that time, defendant's attorney only objected to the witness' refusal to answer, and did not move that the remainder of the witness' testimony be stricken. Thus, the failure to strike cannot be considered reversible error. See State v. Rogers, 80 N.M. 230, 453 P.2d 593 (Ct.App.1969).
However, this issue may arise again upon retrial. Guidance for the trial court can be found in United States v. Cardillo, 316 F.2d 606 (2d Cir. 1963), cert. denied, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963). The principal focus is whether the sought answer was closely related to the commission of the crime, or involved collateral or cumulative testimony concerning credibility. United States v. Cardillo, supra. Although the inquiry was directed at credibility, it was not an attack on general credibility such as introduction of evidence of prior convictions. Rather, here the defendant sought responses regarding the reliability of the witness' observation of the charged offense. In the absence of other opportunities for impeachment, this circumstance would require that the witness' entire testimony be stricken. State v. Montanez, supra; United States v. Cardillo, supra. In the case before us, however, the jury was apprised through other evidence that the witness had been drinking extensively and had been under the influence of some substance, which, although not subjected to a definitive description, was clearly a drug. Thus, the sought response would have been merely cumulative evidence pertaining to the witness' capacity for observation. Therefore, if similar evidence is before the jury on retrial, the witness' entire testimony should not be stricken, but can be submitted to the jury on the issue of credibility. United States v. Cardillo, supra.

III.
Defendant alleges that plain error occurred in the court's failure to instruct the jury that the value of the stolen goods was an element of the offense of theft. We need not decide whether this failure, alone, would justify a reversal. However, on retrial, if the evidence warrants it, the jury should be instructed on valuation in accordance *435 with the law applicable to the charged offenses. People v. Mingo, Colo., 551 P.2d 196 (1976); Colo. J.I.-Crim. 16:1 (1974).

IV.
Finally, defendant asserts as error the trial court's refusal to suppress certain physical evidence recovered upon his arrest. The issue of this ruling was not included in defendant's motion for new trial. Since we do not view this ruling as plain error, we do not consider its propriety on appeal. Crim.P. 33(a); Losavio v. District Court, 182 Colo. 186, 512 P.2d 264 (1973).
Judgment reversed.
BERMAN and STERNBERG, JJ., concur.