**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Brett C. GALLOWAY,
Defendant-Appellant.**

**No. 82CA1201.**

Colorado Court of Appeals,
Div. I.

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Certiorari Denied March 5, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. For-

man, Sp. Asst. Atty. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals from an order of revocation of a deferred judgment and sentence entered pursuant to § 16–7–403(1), C.R.S.1973 (1978 Repl.Vol. 8). He contends that two witnesses were incompetent to testify and that the evidence was insufficient to establish the alleged violation of the terms of the deferred judgment. We affirm.

Defendant pled guilty to attempted second degree burglary in exchange for the deferred judgment. Pursuant to the trial court's authority under this arrangement, the defendant was ordered to undergo mental health treatment. One of the conditions of the deferred judgment was that the defendant "participate and cooperate fully in any program involving professional assistance and counseling."

In August 1982 the defendant was undergoing treatment at the Fort Logan Mental Health Center. He became embroiled in an argument with a roommate concerning whether to turn out the lights. The defendant grabbed a metal bar and struck the roommate, causing serious lacerations. Defendant asserted that he acted in self-defense, but this was denied by the victim and another roommate.

Following this incident, a complaint was filed alleging that the defendant had violated the deferred judgment by failing to cooperate with his treatment program.

Citing *People v. Coca*, 39 Colo.App. 264, 564 P.2d 431 (1977), defendant contends that the trial court erred in failing to strike the testimony of the victim and the other roommate because they were incompetent to testify. He argues that both were schizophrenic and the victim admitted to past hallucinations. *See* § 13–90–106(1)(a), C.R. S.1973. We reject this contention.

■ Unlike the situation in *People v. Coca, supra,* the witnesses here were never adjudicated insane. Consequently, they were presumed to be competent and the defendant carried the burden to prove otherwise. *People v. Trujillo,* 40 Colo.App. 220, 577 P.2d 297 (1977); *People v. Coca, supra.* The trial court has wide latitude in determining competency and its finding may not be altered unless there was an abuse of discretion. *People v. Trujillo, supra.*

Although the trial court did not make specific findings concerning the witnesses' competency, it implicitly found them competent by denying the defendant's motion to dismiss at the close of the prosecution's evidence. That motion was predicated, in part, on the alleged incompetency of the witnesses' testimony and was the first time the issue of incompetency was raised.

■ Under the circumstances, the trial court did not abuse its discretion. The trial court heard the witnesses testify and observed their demeanor. The record indicates that both witnesses were responsive to questions and recalled the events under consideration. *Cf. People v. Salazar,* 648 P.2d 157 (Colo.App.1981).

Defendant next contends that the evidence concerning the assault was insufficient to prove failure to cooperate in the treatment program. As a corollary, he contends that the testimony concerning the assault was irrelevant. We disagree.

■ The question of whether the defendant failed to cooperate in the treatment program and, therefore, violated the terms of the deferred judgment is one of fact for the trial court. *Adair v. People,* 651 P.2d 389 (Colo.1982). The court did not abuse its discretion in finding that a violent assault committed against a fellow patient was sufficient evidence of noncooperation. As the trial court observed, it is "impossible to create conditions of deferred judgment" which specifically describe every prohibited action.

The defendant's argument that he did not receive notice that the assault would be considered as a basis for revocation is without merit. The trial court specifically advised the defendant and his counsel, three days before the hearing, that this incident would be considered. The defense did not claim that it was surprised by this issue, nor did it ask for a continuance to meet the allegation. *See People v. Boykin,* 631 P.2d 1149 (Colo.App.1981).

Judgment affirmed.

PIERCE and METZGER, JJ., concur.