The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael MAESTAS, Defendant-Appellant.

No. 83CA0444.

Colorado Court of Appeals, Div. I.

July 19, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Ronald M. Aal, Deputy State Public Defender, Brighton, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Michael Maestas, appeals his conviction of felony menacing. We affirm.

One evening, defendant, his brother Joseph Maestas, and Pat Maestas, Joseph's wife, went to a bar. During an argument, Joseph threw a beer bottle, hitting one of the patrons. As a result of this incident, the bouncers physically removed defendant from the bar, and a bouncer was in the process of removing Joseph when defendant attempted to re-enter the bar. Defendant was pushed back by one of the bouncers, and defendant then drew a gun, waved it, and pointed it at one of the bouncers. After a few seconds, defendant, Joseph, and Pat left the area.

The police responded to the bar, and while the officers were interrogating the bouncer and another patron in the patrol car, a call came over the radio indicating that a car with the license numbers previously broadcast by the investigating officer had been stopped, and requesting the witnesses to view the occupants. The officers escorted the witnesses to where the vehicle had been stopped, and, after seeing three people in handcuffs standing by an automobile, the bouncer and bar patron identified defendant as the perpetrator.

I.

Defendant first contends that he was denied due process of law when the court denied his motion to suppress the witnesses' pretrial and in-court identifications. We disagree.

■ Witness identification at the scene of the crime or, as here, at the place where suspects are detained, is permissible in situations where immediate identification would facilitate an ongoing criminal investigation. *People v. Mascarenas*, 666 P.2d 101 (Colo.1983). Here, the police needed a quick determination of whether they should continue searching for an armed and potentially dangerous felon. As in *Mascarenas, supra*, the procedures employed in this case are not preferable to the more carefully controlled line-up procedures that are followed at a station house, but they were reasonable under the circumstances. That reasonableness, however, must also be measured against the potential for irreparable misidentification.

■ The factors relevant in determining whether the identification was unreliable because the confrontation was unnecessarily and irreparably suggestive include: (1) the witness' opportunity to observe the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of the certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. *People v. Smith*, 620 P.2d 232 (Colo.1980).

■ Here, the trial court found that the bouncer's general description of the parties involved was accurate, that the bouncer had no doubt as to his identification, and that only one-half hour had elapsed between the crime and confrontation. Furthermore, the record reveals that when the bouncer removed defendant from the bar, he had ample opportunity to observe defendant, that there was good lighting although it was nighttime, and that his degree of attention became acute when defendant held a gun on him. Therefore, the evidence supports the trial court's determination that the bouncer's identification was reliable and admissible.

We also find no error in the admission of the other witness' identification testimony. The record reveals that this witness, a patron of the bar, observed defendant from a distance of approximately three feet in medium lighting for an ample length of time, that his general description of the parties involved was accurate, that only one-half

hour had elapsed between the crime and the confrontation, and that the witness had no doubt as to his identification.

## II.

The defendant further contends that he was denied due process because the court excused a defense witness on the basis that the witness would exercise his Fifth Amendment privilege not to testify during cross-examination by the prosecution. We disagree with this contention.

At trial, defendant proposed to call Joseph as a defense witness. Before any testimony was taken, the prosecutor indicated that he would be questioning Joseph with respect to the bottle-throwing incident. However, the prosecutor noted that Joseph's Fifth Amendment privilege not to testify might be implicated because assault charges stemming from the incident were then pending against him. The court ruled that the prosecution was entitled to wide latitude in cross-examining Joseph with respect to the bottle throwing. After the ruling, Joseph asserted his privilege against self-incrimination, and therefore, the trial court excused him from all testimony.

Several courts have addressed the issue of whether the direct testimony of a defense witness may be stricken when a prosecutor has been unable to cross-examine the witness fully because the witness has asserted his Fifth Amendment right not to testify. *See United States v. Frank,* 520 F.2d 1287 (2nd Cir.1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976); *State v. Brown,* 549 S.W.2d 336 (Mo.1977); *State v. Monsoor,* 56 Wis.2d 689, 203 N.W.2d 20 (1973), *habeas corpus granted sub nom. Wisconsin ex rel. Monsoor v. Gagnon,* 497 F.2d 1126 (7th Cir. 1974); *Commonwealth v. Dwyer,* 10 Mass. App. 707, 412 N.E.2d 361 (1980). In these cases, the principal focus is whether the answer sought is closely related to the commission of the crime, or involved collateral or cumulative testimony concerning credibility. *See People v. Coca,* 39 Colo. App. 264, 564 P.2d 431 (1977).

Here, the basis of the defense was that defendant had acted to defend a third party, Joseph. In order to establish this defense, defendant had to show that he was justified in using physical force on the bouncer in order to defend Joseph from what defendant reasonably believed to be the use or imminent use of unlawful physical force by the bouncer. *See* § 18–1–704(1), C.R.S. (1978 Repl.Vol. 8). The prosecution sought to question Joseph on the bottle throwing to show that Joseph was the initial aggressor, *see* § 18–1–704(3), C.R.S. (1978 Repl.Vol. 8) and, therefore, that defendant could not reasonably believe the physical force used by the bouncer was unlawful.

The testimony to be revealed during cross-examination was thus closely related to the crime and did not involve collateral or cumulative testimony concerning credibility. *See Ryan v. State,* 95 Wis.2d 83, 289 N.W.2d 349 (1980). Under these circumstances, it would have been proper for the court to strike all direct testimony of the defense witness, *see People v. Coca, supra;* hence, we find no abuse of discretion in the court's excusing the witness prior to taking any of his testimony.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.