The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James E. GILLISPIE,
Defendant–Appellant.

No. 87CA0642.

Colorado Court of Appeals,
Div. V.

Oct. 13, 1988.

Rehearing Denied Nov. 10, 1988.

Certiorari Denied Jan. 23, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jaydee K. Bachman, Deputy State

Public Defender, Denver, for defendant-appellant.

FISCHBACH, Judge.

Defendant, James E. Gillispie, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child. He alleges error in the admission of expert testimony relating to the child victim's veracity, in the admission of hearsay testimony by a child witness, and in remarks made by the prosecutor during closing arguments. We affirm.

## I.

Defendant first contends that certain testimony of an expert witness for the prosecution was improper because, on two occasions, it reflected the witness' opinion that the child victim was telling the truth about being sexually assaulted. He argues that, although a curative instruction to disregard the opinion testimony was given, the prejudice to defendant was so substantial that the error could only have been cured by the court's declaration of a mistrial. We disagree.

Neither a lay nor expert witness may give opinion testimony with respect to whether a child victim is telling the truth on a specific occasion. *People v. Koon*, 713 P.2d 410 (Colo.App.1985). In sexual assault situations, however, and particularly where the victim is a very young child, an opinion as to the credibility of the victim is admissible if that testimony relates to general characteristics only. *People v. Koon, supra*. It is proper, for instance, to elicit an opinion as to whether children, in general, have the sophistication to lie about having experienced a sexual assault. *People v. Ashley*, 687 P.2d 473 (Colo.App.1984).

Here, a pediatric specialist who had examined the child victim wrote a report indicating that the child's accounts of the assaults were very detailed and specific. Asked if these details were important to her evaluation, the expert answered affirmatively and explained that a child is not capable of recalling details consistently if she has not personally experienced the events being described. Defendant raised no objection to this testimony. Shortly thereafter, when asked if she had made a diagnosis with respect to the child victim, the witness answered, "I believe the child, I felt that she was sexually abused." Defendant objected to this comment, and thereafter, the court instructed the jury to disregard the expert's opinion on the child's truthfulness and ordered the statement stricken from the record.

We conclude, under the circumstances here, that neither comment warrants reversal of defendant's conviction.

Our review of the record demonstrates that the witness' first statement about detail and recollection, when viewed in context, was a reference to characteristics possessed by children in general and, hence, was properly admissible.

Nor do we perceive error in the trial court's refusal to declare a mistrial following the expert's unsolicited testimony that she believed the child victim. This comment, reflecting the witness' opinion about the child's veracity on a specific occasion, was clearly improper. However, a conviction will not be overturned if the circumstances render the error harmless. *Tevlin v. People*, 715 P.2d 338 (Colo.1986). Moreover, a curative instruction is generally sufficient to overcome an evidentiary error, and an instruction is inadequate only when evidence is so prejudicial that, but for its exposure, the jury might not have found the defendant guilty. *Vigil v. People*, 731 P.2d 713 (Colo.1987).

Here, the circumstances of the case together with the curative instruction render the error harmless. The child victim described the assaults to four different people, each description was consistent with the others, and medical evidence corroborated her detailed explanations. Further, the jury had the opportunity to evaluate the victim's credibility from her testimony. We cannot conclude the jury would have reached a different result had it not been exposed to the challenged testimony. Inasmuch as the evidence of defendant's guilt was substantial, the jury was instructed on credibility, and the curative instruc-

tion withdrew the improper testimony from the jury's consideration, the evidentiary error was harmless.

Declaration of a mistrial is a drastic remedy only to be used under circumstances demonstrating substantial and undue prejudice to the defendant. *See People v. Ashley, supra.* Here, no such prejudice was occasioned, and hence, we find no abuse of discretion in the court's denial of defendant's motion.

## II.

Defendant next contends that testimony of a ten-year-old friend of the victim was inadmissible because the child witness was incompetent to testify, rendering her testimony unreliable. Again, we disagree.

A witness is generally presumed competent to testify, and the defendant carries the burden to prove otherwise. *People v. Galloway,* 677 P.2d 1380 (Colo. App.1983). Testimony from a young child in a sexual abuse case is no exception, provided the witness is able to describe and relate events or facts in respect to which the child is examined. Section 13–90–106(1)(b)(II), C.R.S. (1987 Repl.Vol. 6A).

The child witness stated that she knew the difference between the truth and a lie. Her testimony amply demonstrated her ability to observe, recollect, and communicate as she related the story told her by the child victim. The language used by the witness was appropriate for her age, and as noted by the trial court, any inconsistencies in the precise wording used by the victim or the date of the conversation were matters of weight and have no bearing on the issue of competency. *See People v. Galloway,* 726 P.2d 249 (Colo.App. 1986). We therefore conclude that, under the circumstances here, defendant has failed to meet his burden of proving the witness incompetent.

We further conclude the trial court did not abuse its discretion in ruling that the child's hearsay testimony was reliable and therefore admissible under § 13–25–129, C.R.S. (1987 Repl.Vol. 6A). The record amply supports the court's conclusion that the time, content, and circumstances of the statements provided sufficient safeguards of reliability, and we will therefore not disturb that ruling on review.

## III.

We are also unpersuaded by defendant's argument that several of the prosecutor's remarks during his summation were so inflammatory as to require reversal of the conviction.

Because no objections to the comments were raised at trial, we must determine, under a plain error standard of review, whether the remarks so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *See Wilson v. People,* 743 P.2d 415 (Colo.1987). In making this determination, we look to the totality of the evidence before the jury to ascertain whether the remarks are inferences which may reasonably be drawn therefrom, *See People v. Constant,* 645 P.2d 843 (Colo.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982), and, if not, whether defense counsel's statements during summation nevertheless opened the door to any of the comments. *See People v. Saiz,* 660 P.2d 2 (Colo.App.1982). Our examination of the prosecutor's summation as a whole satisfies us that the remarks complained of here did not exceed the bounds of proper argument and, hence, did not rise to the level of plain error so as to require reversal of defendant's conviction.

JUDGMENT AFFIRMED.

VAN CISE and PLANK, JJ., concur.