The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Thomas Dean BROWN, Defendant–
Appellant.

No. 02CA2395.

Colorado Court of Appeals,
Div. II.

June 3, 2004.

Rehearing Denied Aug. 5, 2004.

Certiorari Denied March 28, 2005.

Ken Salazar, Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Samler & Whitson, P.C., Hollis A. Whitson, Eric A. Samler, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Thomas Dean Brown, appeals the trial court's judgment of conviction entered on a jury verdict finding him guilty of distribution of a schedule II controlled substance-special offender; possession of a weapon, metallic knuckles, by a previous offender; possession of an illegal weapon, metallic knuckles; tampering with evidence; and possession of drug paraphernalia. We affirm in part, reverse in part, and remand for correction of the mittimus.

W.D. was arrested and methamphetamine was found in his possession. He said that defendant had sold the drugs to him, and he agreed to arrange another purchase from defendant. Defendant agreed to meet W.D. and was arrested while driving to the meeting. The arrest was based on a warrant for probation violation in another case. Police searched defendant and found drug paraphernalia and an illegal weapon, metallic knuckles.

After police questioned defendant's girlfriend, who was also in the car, she admitted that she possessed methamphetamine, but said defendant had thrown the drugs on her lap and told her to "get rid of it."

Defendant was sentenced to sixteen years in the Department of Corrections (DOC) on the distribution charge, one year to be served consecutively for tampering with evidence, and concurrent one-year sentences for possession of a weapon by a previous offender and possession of an illegal weapon.

## I.

Defendant first contends that he cannot be convicted for both possession of an illegal weapon, § 18–12–102(4), C.R.S.2003, and possession of a weapon by a previous offender, § 18–12–108(1) C.R.S.2003, because the offenses merge. We agree.

The elements of possession of an illegal weapon under § 18–12–102(4) are that defendant (1) knowingly possessed (2) an illegal weapon. An illegal weapon is defined in § 18–12–102(2), C.R.S.2003, and includes metallic knuckles.

The elements of possession of an illegal weapon by a previous offender under § 18–12–108(1) are that defendant (1) knowingly possessed (2) a firearm or "any other weapon that is subject to the provisions of this article" (3) subsequent to defendant's conviction for a felony. Here, defendant was charged with possessing metallic knuckles under the "any other weapon" part of the statute.

■ Because §§ 18–12–102(2), (4), and 18–12–108(1) are in article 12 of title 18 of the statutes, the weapon element of § 18–12–102(4), is identical to the weapon element in the part of § 18–12–108(1) charged here. Thus, all the elements of § 18–12–102(4) are included in the part of § 18–12–108(1) charged here. Where the same weapon is alleged in each charge, we conclude that possession of an illegal weapon under § 18–12–102(4) is a lesser included offense of possession of a weapon by a previous offender under the part of § 18–12–108(1) charged here. See People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974)(strict elements test used to determine whether an offense is lesser included).

Where conduct establishes the commission of more than one offense, a defendant cannot be convicted of more than one offense if one of the offenses is included in the other. Section 18–1–408(1)(a), C.R.S.2003. Because possession of an illegal weapon is a lesser included offense of possession of a weapon by a previous offender as charged here, the offenses must be merged.

The prosecution argues that both convictions are permitted because the statutes authorize separate punishments for each offense. We do not agree.

■ With an express showing of legislative intent, the General Assembly is free to authorize multiple punishments based upon the same criminal conduct without offending the Double Jeopardy Clause. However, in the absence of express legislative authorization, courts must determine whether the offenses are sufficiently distinguishable to permit multiple punishments. Meads v. People, 78 P.3d 290 (Colo.2003).

■ Authority for multiple punishments must be found in the text of the statutes and cannot rest on presumptions. Boulies v. People, 770 P.2d 1274 (Colo.1989).

Here, the language of the statutes defining the offenses provides no express legislative authorization for multiple punishments. Because we have determined that one offense is a lesser included offense of the other, they are not sufficiently distinguishable to justify multiple punishments. Therefore, multiple punishments are not allowed for these two offenses.

Accordingly, we conclude the trial court erred in entering judgments of conviction under both §§ 18–12–102(4) and 18–12–108(1), and we remand for correction of the mittimus to reflect that the two offenses merged as set forth above.

## II.

■ Defendant next contends the court erred in ordering that his sentence for tampering with evidence run consecutively to his sentence for distribution of a controlled substance. We agree.

The prosecution introduced evidence of several different instances where defendant distributed controlled substances. During closing argument, the prosecutor told the jurors they could find defendant guilty of distribution based on his passing drugs to his girlfriend in the car after the police stopped them. The prosecution stated:

If you all agree that the Defendant distributed those drugs to [his girlfriend] while he was in the vehicle that date, he's guilty of distribution. You don't have to consider

the other three ways that he's guilty of distribution. It's only if you can't unanimously agree that he did that particular act that you have to consider the other three ways that he's guilty.

The incident in the car was also the sole basis for the tampering with evidence conviction.

The jury found defendant guilty of both distribution and possession with intent to distribute. However, at sentencing, the prosecutor asked, and the trial court agreed, that these counts be merged.

Section 18–1–408(3), C.R.S.2003, mandates concurrent sentences for offenses committed against a single victim when the counts are based on the same act or series of acts arising from the same criminal episode and the evidence supporting the counts is identical. However, consecutive sentences are permissible if the trial court reviews the evidence and determines that the multiple counts are not supported by identical evidence. *Qureshi v. Dist. Court,* 727 P.2d 45 (Colo.1986).

Here, however, neither the instructions nor the verdicts designated which acts of defendant constituted each separate crime. Given the prosecution's closing argument and agreement that merger of the distribution and possession with intent to distribute charges was appropriate, we cannot determine what evidence the jurors relied on in convicting defendant of distribution and tampering with evidence. Where the jury could have relied on identical evidence to support both charges, and the record provides no basis to determine that each charge is supported by separate evidence, § 18–1–408(3) requires concurrent sentencing. *People v. Page,* 907 P.2d 624 (Colo.App.1995).

Therefore, we conclude that defendant's sentences for distribution of a controlled substance and tampering with evidence should run concurrently.

## III.

Defendant next contends the trial court erred in refusing to allow a defense witness to testify. We disagree.

At trial, W.D. testified that defendant distributed drugs to him. To rebut this testimony, defendant sought to call another witness, R.R., to testify that the drug distribution could not have occurred because W.D. was with R.R. at the time of the alleged distribution. At an in camera conference, the prosecutor told the court that he planned to cross-examine R.R. concerning, among other things, statements made by W.D. that he bought drugs from defendant for R.R. and R.R.'s drug use as it related to his "ability to perceive what was going on during that time period."

R.R. told the court that if those questions were asked, he would assert his Fifth Amendment privilege against self-incrimination. The court ruled that if R.R. would not answer the prosecutor's questions, the witness could not testify. Defendant did not call R.R. as a witness.

■ A criminal defendant has a constitutional due process right to compel the attendance of witnesses and to offer testimony at trial. "However, the overlapping guarantees of the compulsory process clause and of the due process right to call witnesses are not absolute." *People v. Chastain,* 733 P.2d 1206, 1212 (Colo.1987).

■ In reviewing a trial court's decision to excuse a defense witness who will assert his Fifth Amendment privilege, our principal focus is whether the answers sought from the witness were closely related to the commission of the crime, or merely involved collateral or cumulative testimony concerning credibility. *People v. Maestas,* 685 P.2d 791 (Colo.App.1984). Where the answers sought would relate to the reliability of the witness's observation of the charged offense, in the absence of other opportunities for impeachment, the witness's entire testimony must be disallowed. *People v. Coca,* 39 Colo.App. 264, 564 P.2d 431 (1977).

Here, the prosecution sought to inquire into the details of the witness's direct testimony and examine the reliability of the witness's observations regarding that testimony. Because the prosecution had no other means to challenge the witness's credibility, the

court properly denied defendant's request to call R.R. as a witness.

## IV.

Defendant next contends the trial court's failure to provide the jury with a definition of "drug paraphernalia" requires a reversal of his conviction for possession of drug paraphernalia. We disagree.

■■■ Defendant did not object at trial to the lack of a definition in the jury instructions. When no contemporaneous objection is made to the asserted error, we are limited to plain error review. Plain error occurs when, after review of the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. Herrera*, 1 P.3d 234, 240 (Colo.App. 1999).

■■■ Defendant approved the jury instructions given to the jury, and in closing argument, defense counsel referred to the items in defendant's possession as paraphernalia. Because the existence of the drug paraphernalia was uncontested, we find no plain error.

## V.

Defendant next contends the trial court erroneously calculated the amount of pretrial confinement credit. We agree.

■■■ Defendant had been sentenced to intensive supervision probation in a prior case, and during the incident at issue here, he was arrested on a probation violation warrant as well as for crimes charged here. He remained in custody on both cases. After the trial here, defendant admitted the probation violation and was sentenced to the DOC with presentence confinement credit for all the time in custody since his arrest.

In this case, defendant's sentences were ordered to run concurrently with the probation revocation sentence, and he was not given presentence confinement credit for the time preceding the revocation of probation.

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. . . . If a defendant is serving a sentence or is on parole for a previous offense when he or she commits a new offense and he or she continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.

Section 18–1.3–405, C.R.S.2003.

■■■ In calculating presentence confinement credit, the transaction for which the defendant is to be sentenced need not be the exclusive cause of the confinement; however, there must be a "substantial nexus between such charge or conduct and the period of confinement for which credit is sought." Thus, if multiple cases are filed against a defendant in the same jurisdiction, and he or she remains confined in that jurisdiction on all pending charges, each charge would be a cause of the defendant's presentence confinement. *Schubert v. People*, 698 P.2d 788, 795 (Colo.1985).

The charges here were a cause of defendant's presentence confinement because there was a substantial nexus between defendant's charges in this case and the period of confinement. While defendant was arrested on warrants from his probation violation, he was also confined because of the charges filed in this case. Therefore, defendant would have remained confined on the charges in this case in the same judicial district in the absence of his probation violation case. *See Massey v. People*, 736 P.2d 19 (Colo.1987).

Therefore, we conclude defendant was entitled to presentence confinement credit in this case for all the time he was incarcerated after his arrest.

The prosecution argues that defendant was serving his probationary sentence when he committed the offenses here, and therefore, under § 18–1.3–405, the confinement after his arrest in both cases must be credited to the probation case. We are not persuaded.

The final sentence of § 18–1.3–405, on which the prosecution relies, was interpreted by the supreme court in *People v. Norton*, 63 P.3d 339 (Colo.2003). Relying on legislative history, the court stated: "Therefore, it is clear that the final sentence of section 18–1.3–405 was intended to prevent duplicative [presentence confinement credit] being granted to inmates who committed another crime either when they were *incarcerated or when they had been released on ... parole.*" *People v. Norton, supra,* 63 P.3d at 345 (emphasis added). Here, defendant was neither incarcerated nor on parole; he was on probation.

A sentence to probation is not a form of incarceration. If a probationary sentence is revoked, the time served on probation is not credited against the new sentence. *Beecroft v. People*, 874 P.2d 1041 (Colo.1994). Thus, a defendant on probation is not "serving a sentence" as that term in § 18–1.3–405 has been interpreted in *People v. Norton, supra.*

The prosecution points out that the *Norton* court found the legislative intent of § 18–1.3–405 was to prevent duplicative credit for presentence confinement. Thus, they argue, it would serve the legislative purpose to interpret "serving a sentence" in § 18–1.3–405 to include a probationary sentence. However, this argument would require us to read language into the statute or to give the phrase a meaning beyond that assigned by the supreme court. This we decline to do.

The judgment entered on the possession of an illegal weapon charge is vacated, and that portion of the judgment requiring the sentence for tampering with evidence to be served consecutively and the presentence confinement credit calculation are reversed. In all other respects, the judgment is affirmed. The case is remanded with directions to amend the mittimus to order that: (1) the possession of an illegal weapon charge merged into the possession of a weapon by a previous offender charge; (2) the sentence for tampering with evidence is to be served concurrently with the sentence for distribution of a controlled substance; and (3) pre-sentence confinement credit is awarded for all time after defendant's arrest.

Judge ROTHENBERG and Judge PICCONE concur.