No. 25954

J. E. Losavio, Jr., District Attorney in and for the Tenth Judicial District of the State of Colorado v. District Court in and for the Tenth Judicial District, Honorable S. Philip Cabibi and The Honorable Thomas Phelps, District Judges within and for the County of Pueblo, State of Colorado

(512 P.2d 264)

Decided July 2, 1973.                    Rehearing denied August 7, 1973.

J. E. Losavio, Jr., District Attorney, Cecil L. Turner, Chief Deputy, for petitioner.

William L. Lloyd, for Jose Benito Garcia.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding seeks to set aside an order granting Jose Benito Garcia a new trial. Garcia was tried and convicted by a jury of assault on a police officer, 1967 Perm. Supp., C.R.S. 1963, 40-7-54. A motion for a new trial was filed asserting that the jury verdict was contrary to the law and contrary to the evidence. The only other allegation in the motion was that the trial court committed error in not directing a judgment of acquittal. The motion was heard by the Honorable S. Philip Cabibi, who was then a district judge. He granted the motion for a new trial and made no findings and gave no reasons for ordering a new trial.

The district attorney asserts that a second trial without an

indication of the reasons or the basis upon which a new trial was ordered would be a waste of judicial resources and would place an unfair burden on the prosecution. We issued a rule to show cause and now make that rule absolute.

Since the judge who granted the new trial is no longer sitting, it will be necessary that a new hearing be held on the motion for a new trial and that defense counsel be granted an opportunity to file a supplemental motion.

An order granting a new trial is an interlocutory order and is not subject to review in an original proceeding. *People v. Cochran,* 176 Colo. 364, 490 P.2d 684 (1971). In this instance, however, we exercise our supervisory power and lay down guidelines for trial courts to follow in granting new trials to defendants in a criminal case. Colo. Const. art VI, § 2. *See, e.g., Sanders v. District Court,* 166 Colo. 455, 444 P.2d 645 (1968).

The allegations contained in the motion for a new trial were woefully short of the requirements which we have specified in Crim. P. 33 and which provides in pertinent part: "The court may grant a defendant a new trial if required in the interest of justice. The motion for a new trial shall be in writing and shall point out with particularity the defects and errors complained of." We have outlawed motions of the type upon which the court acted in this case in a number of cases. In *Perry v. People,* 116 Colo. 440, 181 P.2d 439 (1947), we considered a similar motion and said:

"The obvious purpose of a motion for a new trial is to accord the trial judge a fair opportunity to consider, and correct if necessary, any erroneous rulings and to acquaint him with the specific objection to those rulings. It is equally obvious that attention should be drawn specifically to the alleged objectionable rulings. General objections, such as those here set out in the motion for new trial and the assignments of error, fall far short of calling to the court's attention any specific error made in connection with its rulings, and, consequently, the questions here argued in support of the assignments of error are not properly presented. Howard v. People, 62 Colo. 131, 160 Pac. 1060; Dickson v. People, 82

Colo. 233, 259 Pac. 1058."

When neither the motion nor the court's order sets forth with particularity the reason that a new trial is required, and no findings are made by the court, a vacuum exists which leaves the trial judge without direction and without guidance as to how the new trial should be conducted. When a motion for a new trial is denied, reasons need not be set forth, because the motion is the basis and the foundation for review of the judgment on appeal.

Therefore, we remand this case to the district court for the filing of a supplemental motion for a new trial and for a new hearing on that motion. If a new trial is to be granted, the trial judge should make specific findings, so that a new trial may be conducted in accordance with the court's order.