**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Mack W. THOMAS, Defendant–Appellant.**

No. 08CA0669.

Colorado Court of Appeals, Div. A.

Sept. 18, 2008.

John W. Suthers, Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Mack W. Thomas, Pro Se.

Opinion by Judge WEBB.

Defendant, Mack W. Thomas, appeals a district court order denying his motion to reconsider the denial of Crim. P. 35(c) relief. We affirm.

## I. Facts

The procedural history in this case dates back to 1985. As relevant here, on May 25, 2006, a division of this court affirmed a district court order denying various postconviction motions. *People v. Thomas,* 2006 WL 2062438 (Colo.App. No. 04CA0202, May 25, 2006)(not published pursuant to C.A.R. 35(f) ).

On September 7, 2007, defendant filed a Motion for a New Trial pursuant to Crim. P. 35(c) and Appointment of Conflict Free Counsel. The district court denied the motion as time-barred in a written order issued on December 5, 2007.

On December 13, 2007, defendant filed a pleading entitled "Motion to Reconsider Order December 5, 2007," asserting that his motion for Crim. P. 35(c) relief was neither time-barred nor successive. The district court denied the motion for reconsideration on February 18, 2008.

Defendant filed his notice of appeal on March 31, 2008, 117 days after the district court issued its order on December 5, 2007, denying Crim. P. 35(c) relief and thirty-nine days after the district court denied his motion to reconsider on February 18, 2008.

## II. Untimeliness of Appeal

C.A.R. 4(b) governs criminal appeals and requires that an appeal must be filed within forty-five days of entry of the judgment or order being appealed.

Here, because the forty-fifth day following the December 5, 2007, order fell on a holiday weekend, a notice of appeal seeking review of that order should have been filed on or before January 22, 2008. When defendant did not do so, the order became final on that date. *People v. Ovalle,* 51 P.3d 1073, 1075 (Colo.App.2002); *People v. Janke,* 852 P.2d 1271, 1273 (Colo.App.1992)(order ruling on Crim. P. 35(c) motion becomes final after the period in which to perfect an appeal expires). Therefore, we lack jurisdiction to review the December 5, 2007, order, unless for "good cause shown" we suspend the forty-five-day deadline. C.A.R. 2; *People v. Baker,* 104 P.3d 893, 896 (Colo.2005). Here, defendant makes no such argument.

Further, we agree with the holding in *People v. Adams*, 905 P.2d 17, 18–19 (Colo.App. 1995), that: (1) the trial court was not obligated to address a motion to reconsider which raised the same issues as the original Crim. P. 35(c) motion; (2) the trial court's original order denying that motion was final and reviewable on appeal; (3) the motion to reconsider did not strip away the original order's finality; (4) the filing of the motion to reconsider did not toll the period in which to appeal the original order; and (5) because the notice of appeal from the denial of the motion to reconsider was filed well after the time when the notice of appeal from the original order was due, except to the extent otherwise stated in *Baker*, this court did not have jurisdiction to hear the appeal.

Therefore, we conclude that defendant's motion to reconsider did not extend the time to file an appeal from the December 5, 2007, order. However, because defendant's notice of appeal was timely as to the February 18, 2008, order denying his motion to reconsider, we must consider whether that motion was properly before the district court. We conclude that it was not.

### III. Motion to Reconsider Under Crim. P. 35

■ The rules of criminal procedure do not authorize a motion to reconsider postconviction orders. *See People v. Gresl*, 89 P.3d 499, 501 (Colo.App.2003)("No provision of the criminal procedure rules specifically authorizes a motion to reconsider an order denying a Crim. P. 35(b) motion or otherwise provides for reconsideration of such an order."); *Janke*, 852 P.2d at 1274 (a trial court may not reconsider its order granting Crim. P. 35(c) relief under law of the case doctrine).

Nevertheless, Crim. P. 57(b) allows the application of civil rules to criminal proceedings if no specific procedure is prescribed by the criminal rules. Therefore, we address whether defendant's motion to reconsider was proper by analogy to either C.R.C.P. 59 or 60, and conclude that it was not.

### A. C.R.C.P. 59

■ The primary purpose of a motion to amend a judgment or for a new trial under C.R.C.P. 59 is to give the court an opportunity to correct its errors. *See People in Interest of K.L–P.*, 148 P.3d 402, 403 (Colo.App. 2006); *In re Marriage of Jones*, 668 P.2d 980, 981 (Colo.App.1983).

Crim. P. 33 allows a defendant to seek a new trial. *See Losavio v. District Court*, 182 Colo. 186, 188, 512 P.2d 264, 266 (1973) (citing *Perry v. People*, 116 Colo. 440, 443, 181 P.2d 439, 440 (1947)) (the purpose of a motion for a new trial is to accord a trial judge a fair opportunity to consider and correct any erroneous rulings). Crim. P. 35 provides a mechanism for a district court to correct certain errors. *See People v. Rodriguez*, 914 P.2d 230, 252 (Colo.1996)(the dual purposes of postconviction proceedings are to prevent constitutional injustice and bring finality to judgment).

Therefore, because the criminal rules already prescribe remedies analogous to those available under C.R.C.P. 59, we conclude that resort to this rule is not proper in postconviction proceedings. To the extent that a division of this court has recognized a motion to reconsider may be filed under C.R.C.P. 59 in criminal proceedings, *People v. Albaugh*, 949 P.2d 115, 117 (Colo.App.1997), we decline to follow it. *See Ochoa v. Vered*, 186 P.3d 107, 112–13 (Colo.App.2008) (one division of the court of appeals is not bound by the decision of another division).

■ As authority for looking to C.R.C.P. 59 by virtue of Crim. P. 57, the *Albaugh* division cited *Janke*. But *Janke* applies C.R.C.P. 60(b)(5), not C.R.C.P. 59. The division also relied on federal authority that principles of judicial economy and fairness favor allowing a trial court to reconsider an erroneous ruling. However, "the State has a legitimate interest in preserving the finality of criminal convictions." *People v. Wiedemer*, 852 P.2d 424, 434 (Colo.1993). Further, since *Albaugh*, Crim. P. 35 has been amended to favor finality by expressly limiting postconviction claims that were or could have been brought in a previous appeal or postconviction proceeding.

### B. C.R.C.P. 60(b)

■ C.R.C.P. 60(b) permits a district court to provide relief from a judgment when

a significant new matter of fact or law arises. *State Farm Mut. Auto. Ins. Co. v. McMillan*, 925 P.2d 785, 789–90 (Colo.1996); *E.B. Jones Constr. Co. v. City & County of Denver*, 717 P.2d 1009, 1013 (Colo.App.1986). The court may relieve a party from judgment under C.R.C.P. 60(b)(1)-(4) based on mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or misconduct by an adverse party, or because a judgment is void or has been satisfied, released or discharged or otherwise vacated. C.R.C.P. 60(b)(5) contains a residuary clause for "any other reason justifying relief," which is limited to extraordinary or extreme situations. *Canton Oil Corp. v. Dist. Court*, 731 P.2d 687, 694 (Colo.1987). Relief under this rule attempts to strike a balance between the conflicting principles of finality and justice. *Id.* at 694.

Likewise, while Crim. P. 35(c)(3) permits judicial review of alleged constitutional infirmities in criminal proceedings, its language recognizes the need for finality. *People v. Hubbard*, 184 Colo. 243, 247, 519 P.2d 945, 947 (1974). Nevertheless, Crim. P. 35(c)(3)(VI) and Crim. P. 35(c)(3)(VII) provide exceptions for evidence that could not have been discovered previously through the exercise of due diligence and a new rule of constitutional law previously unavailable. These exceptions offer relief analogous to C.R.C.P. 60(b).

Our supreme court applied C.R.C.P. 60(b)(5) by analogy to a postjudgment motion for remission of a bail bond forfeiture in a criminal case where no Colorado Rule of Criminal Procedure governed. *People v. Caro*, 753 P.2d 196, 200 (Colo.1988). The court limited its review to relief under C.R.C.P. 60(b)(5) and determined that extraordinary circumstances did not exist to justify remission of the bond.

Two divisions of this court have indicated that analogy to C.R.C.P. 60(b) in a criminal proceeding may be appropriate. *See Albaugh*, 949 P.2d at 118 (district court had jurisdiction to consider a prosecution motion to reconsider under C.R.C.P. 60(b) that was filed more than fifteen days after entry of judgment dismissing an escape charge); *Janke*, 852 P.2d at 1274 (analyzing a prosecution motion to reconsider under C.R.C.P.

60(b)(5) and determining that such relief was not appropriate absent extraordinary circumstances). However, both of these cases predate the amendments to Crim. P. 35, discussed above. Further, because they involved motions by the prosecution, the overlap with existing remedies for defendants under Crim. P. 35(c) was not addressed.

Here, defendant's motion to reconsider asserts that (1) the three-year time limitation of § 16–5–402, C.R.S.2007, commenced with this court's 2006 mandate in his prior Crim. P. 35(c) appeal, rather than on June 12, 2003, the date this court dismissed his direct appeal with prejudice; (2) the time limitation was tolled during the pendency of the prior Crim. P. 35(c) appeal; and (3) the 2007 Crim. P. 35(c) motion was not successive because the district court's postconviction denial order of December 2003 was prejudicial and unconstitutional.

These allegations could not reasonably be construed as seeking relief under C.R.C.P. 60(b). Therefore, even assuming the continued viability of postconviction relief by analogy to C.R.C.P. 60(b), under the facts presented such relief is unavailable here. *See Ross v. State*, 672, 141 Idaho 670, 115 P.3d 761, 763 (App.2005) (defendant not entitled to reconsideration of dismissal of postconviction motion under rule comparable to C.R.C.P. 60(b) ).

■ Moreover, where, as here, a defendant's motion to reconsider is essentially a successive motion for postconviction relief, it should not be accepted as a motion for relief from judgment pursuant to C.R.C.P. 60(b). Doing so would circumvent the express bar on Crim. P. 35(c) relief based on the same or similar allegations under Crim. P. 35(c)(3)(VI). *See People v. Shepard*, 151 P.3d 580, 583 (Colo.App.2006)(defendants may not use Crim. P. 35(c) proceedings to relitigate issues fully and finally resolved in earlier proceedings).

The order is affirmed.

Chief Judge DAVIDSON and Judge BERNARD concur.