The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
July 12, 2018

**2018COA96**

**No. 15CA1368 People v. Lindsey — Criminal Law —**

**Competency to Proceed — Retrospective Competency Hearings**

In this direct criminal appeal, a division of the court of appeals

considers the proper remedy where a trial court fails to follow the

applicable statutory procedure when a defendant's competency is

raised by motion before trial. In *People v. Presson*, 2013 COA

120M, ¶ 26, the division ordered a remand for the trial court to

determine the defendant's current competency and conduct a new

trial if the defendant was found currently competent. Division in

this case departs from the *Presson* decision because the trial court

is better positioned than the court of appeals to first determine if a

retrospective competency determination is feasible. Thus, this

division vacates and remands for such a determination and for further proceedings based on that threshold inquiry.

Court of Appeals No. 15CA1368
Jefferson County District Court No. 12CR1487
Honorable Todd L. Vriesman, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

William Arthur Lindsey,

Defendant-Appellant.

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE FOX
Webb and Richman, JJ., concur

Announced July 12, 2018

Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ridley, McGreevy & Winocur, PC, Robert T. Fishman, Denver, Colorado, for Defendant-Appellant

¶ 1     William Arthur Lindsey appeals the judgment of conviction entered on jury verdicts finding him guilty of eight counts of securities fraud and four counts of theft.  We vacate and remand the case for proceedings consistent with this opinion.

## I.     Background

¶ 2     Over a thirteen-month period, Lindsey persuaded six individuals to invest $3 million in new technology that would allegedly use algae-based bioluminescent energy to light signs and panels.  Lindsey told his investors he had contracts to sell his lighted signs and panels to the United States Department of Defense, U-Haul, PetSmart, and the Super Bowl.  As it turns out, neither the technology nor the contracts ever existed, and Lindsey allegedly spent the money on repaying other investors and on personal expenses.

¶ 3     The People charged Lindsey with eight counts of securities fraud and four counts of theft.  After lengthy pretrial proceedings that included multiple changes in Lindsey's counsel, a jury convicted him as charged.  The judge sentenced Lindsey to twenty-four years in the Department of Corrections' custody.

## II. Competency

¶ 4 Lindsey's primary contention is that the trial court erred in refusing to order a competency evaluation where the issue was raised by his counsel's motion before trial. Because the trial court failed to follow the applicable statutory procedure and the trial court is better positioned to first determine if a retrospective competency determination is feasible, we vacate the judgment and remand for such a determination and for further proceedings based on that threshold inquiry.

### A. Applicable Law and Standard of Review

¶ 5 We review a trial court's determination of a defendant's competency for an abuse of discretion. *People in Interest of W.P.*, 2013 CO 11, ¶ 10. A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, *id.*, or it misapplies the law, *People v. Garrison*, 2017 COA 107, ¶ 30. Whether the court should have ordered a competency evaluation is a question of law we review de novo. *See W.P.*, ¶ 10.

¶ 6 The People's primary argument on appeal is that the standard to determine competency is whether the judge has a "reason to believe" the defendant is incompetent. Lindsey responds that the

applicable statute provides different ways to raise competency —
under section 16-8.5-102(2)(a), C.R.S. 2017, the judge may raise
competency if he has reason to believe the defendant is
incompetent, *or* under section 16-8.5-102(2)(b), the defense or
prosecution, having reason to believe the defendant is incompetent,
may raise competency. The plain language of section 16-8.5-
102(2)(b) does not require that the judge have a reason to believe
the defendant is incompetent. *See People v. Nagi*, 2014 COA 12,
¶¶ 9, 14 (using "reason to believe" as the applicable standard in a
case where the judge raised the issue of the defendant's competency
after the defendant chose to proceed pro se), *aff'd*, 2017 CO 12.
But, as discussed below — and as the prosecution conceded at trial
— the motion the People now challenge on appeal was facially valid
and raised Lindsey's competency.

¶ 7     A defendant is incompetent to proceed if, "as a result of a
mental disability or developmental disability," he lacks "sufficient
present ability to consult with [his] lawyer with a reasonable degree
of rational understanding in order to assist in the defense, or . . .
does not have a rational and factual understanding of the criminal
proceedings." § 16-8.5-101(11), C.R.S. 2017.

¶ 8     When the question of a defendant's competency is raised, the court makes a preliminary finding of competency.  § 16-8.5-103(1), C.R.S. 2017.  The preliminary finding becomes a final determination unless a party objects within fourteen days.  *Id.*  If the court lacks the information necessary to make a preliminary finding of competency or incompetency, or if either party objects to the court's preliminary finding, the court must order a competency evaluation.  § 16-8.5-103(2); *W.P.*, ¶ 16 (discussing the 2008 statutory amendments that now "mandate[] that a court order a competency evaluation upon either party's timely objection to its preliminary finding of competency or incompetency").

## B.    Additional Background

¶ 9     The attorney who ultimately represented Lindsey at trial, David G. Tyler, entered his appearance in the case in May 2014, just days before Lindsey's trial setting.  The court granted Tyler a continuance to allow him time to prepare.  At the end of the continuation period, Tyler filed a motion to withdraw, which the court denied.  With Lindsey's trial set to start on April 20, Tyler filed the competency motion at issue on April 16, 2015.

¶ 10    The motion alleged that Lindsey displayed "irrational" behavior and that Lindsey was unable to appreciate the nature and consequences of the trial and could not assist Tyler in defending him.  Tyler later added that on numerous occasions

> I have repeatedly been assured with regard to this matter about testimony, witnesses, the furnishing of new witnesses, money for the hiring of experts, expert names, addresses, assured that this will be furnished to me.
>
> None of it has happened.  I've been told a number of things which are contradictory . . . . [Lindsey] cannot help me, and has not helped me.  I believe it's delusional. . . .
>
> [T]here are elements to this that are just not what a normal person would do.  And as a result of that, I am in a position where I cannot rely on what Mr. Lindsey tells me[.]

¶ 11    Tyler's motion alleged that Lindsey lacked "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding in order to assist in the defense."  § 16-8.5-101(11).

¶ 12     At the hearing concerning Tyler's motion, the court determined Lindsey was competent to proceed.[1]  But, the judge also determined that the motion did not fall under section 16-8.5-101(11):

> I hereby find that the motion . . . does not fall within that definition.  I am emphasizing the words "present ability to consult with the defendant's lawyer."  In fact, [what] is being alleged here is that there hasn't been a consultation, but what is extremely important for any motion under this statute, to come up, is to talk about the ability, and the present ability, to understand not simply because . . . there has been some lack of communication or non-preparation, as much as defense counsel would like.  Defense counsel cannot make a claim of alleging competency of his client based upon a client's refusal to cooperate with his counsel.  That doesn't go to the issue of present ability to understand, with a reasonable degree of rational understanding in the proceedings that are before us.

---

[1] The judge explained how a competency evaluation would proceed and asked Lindsey if he wanted to join the motion to determine competency, to which Lindsey replied, "No."  Under the statute, the defendant is not required to join a competency motion, and the defendant's preferences do not dictate whether a competency evaluation will be conducted.  § 16-8.5-105(2), C.R.S. 2017 (the defendant is required to cooperate with the competency evaluator); *cf.* § 16-8.5-106(1), C.R.S. 2017 (the defendant may move to be examined "by a competency evaluator of his or her own choice in connection with any proceeding under this article").  The judge also asked Lindsey, "Do you believe you have that mental competence to understand what's going on today?"  Lindsey replied, "I honestly don't know because I've never been — I've never had an evaluation."

¶ 13     Tyler then tried to proceed to the second step of the statute —
objecting to the court's finding and prompting an evaluation.  § 16-
8.5-103(1)-(2).  The prosecution agreed to this reading of the
statute:

> [Prosecutor]: So after the preliminary finding is
> made, the [c]ourt would go on to the second
> step.  Does the [c]ourt agree with me?

The court disagreed, stating,

> It does not.  Did you not hear what I said?  I
> said that your motion was not filed on a proper
> basis under the statute itself.
>
> So apparently your mistake is that you
> presumed by simply following the procedures
> in this statute, that you, in your mind, have
> questioned the present ability of your client to
> proceed here today, is wrong.  So the motion is
> being dismissed.
>
> So now we're going to have a trial.  Do you
> understand that, sir?

¶ 14     After a week of trial, Tyler renewed his competency motion,
but the court's ruling remained unchanged: "I'm denying your
renewed motion to consider incompetency.  I'm not going to hear
any more of this.  If you believe that I'm wrong under the statute
. . . then you have the ability to go over my head after whatever
verdicts are rendered."

7

## C. Analysis

¶ 15 In misapplying the law, the court abused its discretion. *See Garrison*, ¶ 30. The plain language of the statute requires the court to order a competency evaluation if, within fourteen days of the court's preliminary finding, either party objects to its preliminary determination of competency. § 16-8.5-103(1)-(2); *W.P.*, ¶ 16. Although counsel filed his motion on the eve of trial, thus giving the court grounds for reasonable skepticism on the underlying motivation, counsel met the statutory requirements for the motion — including providing the court and prosecutor with copies of the motion, § 16-8.5-102(2)(b), so the motion was facially valid. The court further abused its discretion in concluding that a facially valid motion on competency did not fall under the competency statute.

¶ 16 Having determined there was error, we now consider what remedy is required. Lindsey argues that this error constitutes a violation of his right to due process, thus requiring a new trial. *See People v. Presson*, 2013 COA 120M, ¶ 16. The People assert that there was no error because the trial court has discretion in deciding whether to grant a competency hearing. We need not resolve

whether this is constitutional or nonconstitutional trial error, because under either standard vacating the conviction and remand is appropriate. *See id.* at ¶ 17. However, and for reasons explained below, we prescribe a different remedy than that ordered in *Presson*, ¶ 26. *See People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008) (one division of this court is not bound by another division's decision).

¶ 17    Tyler's motion alleged that Lindsey lacked the ability to consult with him to assist in his own defense. Tyler's allegations that Lindsey avoided communication with him, lied about procuring funds and expert witnesses, attempted to fire him, and seemed to be operating under "significant delusions about the reality and the status of this matter" raised legitimate doubts about Lindsey's competence. At trial, the difficulties with Lindsey that Tyler described came to light:

> [Prosecutor]: Do you have any more information on [your witnesses] like date of birth or address or anything? . . .
>
> [Tyler]: I really, frankly, don't. . . . I'm trying to determine . . . I have to talk with Mr. Lindsey about exactly how we're going to proceed to put on his testimony . . . . I don't know that yet. . . .

9

[The Court]: I've heard . . . that your client supposedly isn't communicating with you . . . and I won't go off on that again. There is no: [m]y client refuses to communicate with me, so I don't have to comply with the rules of procedure or exception to the criminal rules of procedure. . . . So I know that you're doing your best, but I need for you to explain, as fully as you possibly can, the names and identifying information of the witnesses that you are calling in your defense.

¶ 18    The possibility that an incompetent person, incapable of rationally assisting in his own defense, may have been forced to stand trial could have infected the fairness of the trial proceedings. *See Nagi,* ¶ 15 (considering a trial court raising the issue of competency on its own initiative under section 16-8.5-102(2)(a) and stating that "the standard of 'reason to believe' presents a low threshold"). While we do not condone counsel filing a motion on the eve of trial raising concerns that had been ongoing for months, the trial court's failure to comply with section 16-8.5-103 requires the judgment to be vacated and the case to be remanded for further proceedings.

¶ 19    The harder question is how to deal with Lindsey's competency on remand. After all, he has not been determined to be incompetent. And at oral argument, his appellate counsel conceded

that absent a retrospective determination of incompetency or a new motion questioning competency, the issue of Lindsey's competency need not be addressed on remand.

¶ 20    The *Presson* division held that "[o]n remand, the court shall conduct further competency proceedings, in accordance with applicable statutory procedures and this opinion, to ascertain whether defendant is properly oriented to time, place, and person, and her perceptions are rational and grounded in reality." ¶ 26 (citing *People v. Mondragon*, 217 P.3d 936, 940 (Colo. App. 2009)). The record evidence on Lindsey's mental state is sparse — no witnesses testified about Lindsey's competency, and no relevant medical records were included in our record.  Thus, we adopt the remedy other states and *United States v. Bergman*, 599 F.3d 1142, 1148 (10th Cir. 2010), have employed: the case is remanded for the trial court to determine if a retrospective competency hearing, including the opportunity to present additional evidence, on Lindsey's competency at the time of the 2015 trial is feasible.  *See, e.g.*, *State v. Bostwick*, 988 P.2d 765, 772-73 (Mont. 1999); *see also Odle v. Woodford*, 238 F.3d 1084, 1090 (9th Cir. 2001) (discussing, in the context of defendant's request for habeas corpus relief, the

11

propriety of allowing the state court to cure its omission of a competency hearing by conducting one retroactively if the record contained sufficient evidence to make one feasible); *People v. Ary*, 246 P.3d 322, 329 (Cal. 2011).

¶ 21 "Retrospective competency hearings are generally 'disfavored' but are 'permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant.'" *McGregor v. Gibson*, 248 F.3d 946, 962 (10th Cir. 2001) (quoting *Clayton v. Gibson*, 199 F.3d 1162, 1169 (10th Cir. 1999)); *see also Pate v. Robinson*, 383 U.S. 375, 387 (1966); *People v. Pendleton*, 2015 COA 154, ¶¶ 11-12, 17 (approving of the postconviction court conducting a retrospective competency hearing and determining that a five-year gap between the trial and the hearing did not invalidate the court's findings); *Edwards v. State*, 902 N.E.2d 821, 825 n.3 (Ind. 2009) (collecting cases). *But see Greene v. State*, 264 S.W.3d 271, 273 (Tex. App. 2008) (declining to order a retrospective competency hearing because the defendant had possessed no meaningful level of competency since being convicted).

¶ 22    On remand, the trial court must weigh four factors when considering whether a meaningful retrospective competency hearing can be held:

> (1) the passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency determinations, (3) defendant's statements in the trial record, and (4) the availability of individuals and witnesses who interacted with the defendant before and during trial, including the trial judge, both counsel, and jail officials.

*People v. Corichi,* 18 P.3d 807, 811 (Colo. App. 2000); *see also Clayton,* 199 F.3d at 1169.

¶ 23    If the court determines (1) it is not able to make a retrospective competency determination, or (2) it can make a retrospective competency determination and finds Lindsey was not competent during the 2015 trial, then the judgment shall remain vacated and a new trial will be required.  *Bergman,* 599 F.3d at 1149; *Bostwick,* 988 P.2d at 773.  If a new trial is warranted because the court is unable to make a retrospective competency determination, the court on its own or either counsel may question Lindsey's competency at that new trial, thus triggering the statutory procedures discussed above.  If a new trial is warranted because

13

the court finds that Lindsey was not competent during the 2015 trial, the prosecution must prove that Lindsey has been restored to competency before he can be retried.

¶ 24    If the court concludes a retrospective competency determination is feasible and further finds Lindsey was competent during trial in 2015, then the court shall reinstate the judgment of conviction, subject to his right to appeal that determination. *See Bostwick*, 988 P.2d at 773. *But cf. Bergman*, 599 F.3d at 1149 (even if the defendant was competent at the time of the original trial, "the court may still, in its discretion, vacate [the defendant's] conviction and conduct a new trial").

## III.    Lindsey's Other Contentions

¶ 25    We address Lindsey's other contentions to the extent that similar issues may arise in the event of retrial. *People v. Rios*, 2014 COA 90, ¶ 39. Because we remand on the competency issue, we need not address Lindsey's arguments on the prosecutor's cross-examination or merger because the issues were not raised at trial and they are unlikely to arise on remand — particularly the merger issue, on which the parties agree. If Tyler represents Lindsey on remand, the court must take up Lindsey's argument that his right

14

to conflict-free counsel is violated if Lindsey's competency is raised and Tyler discloses confidential information that could impeach Lindsey's trial testimony without Lindsey being advised of and waiving the conflict.[2]

¶ 26    Lindsey next argues that the trial court erred by (1) instructing the jury that "any note" constitutes a security and (2) giving an improper unanimity instruction.  Lindsey did not preserve this issue so we review for plain error.  *People v. Carter*, 2015 COA 24M-2, ¶¶ 50, 52 ("A court's improper instruction 'does not constitute plain error if the relevant instruction, read in conjunction with other instructions, adequately informs the jury of the law.'" (quoting *People v. Garcia*, 28 P.3d 340, 344 (Colo. 2001))).

¶ 27    As to the first contention, Lindsey's trial was conducted before *People v. Mendenhall*, 2015 COA 107M, was decided.  The trial court and parties now have the benefit of that case and can apply

---

[2] According to Tyler's motion on competency, counsel was semi-retired as of 2015, so it would seem unlikely he would represent Lindsey once more, especially since he will likely be called on to testify at any competency hearing.  *See People v. Delgadillo*, 2012 COA 33, ¶ 14 (discussing the conflict of interest created where counsel testified, in a case where he was representing the defendant, about communications he had with the defendant).

the four-factor test in crafting new jury instructions. *See People v. Thompson*, 2018 COA 83, ¶¶ 14-17.

¶ 28    As to the second contention, we conclude the instructions as to counts 1, 2, 4, 9, and 10 were proper because each count was based on its own individual transaction.[3]  The instruction as to count 6 was improper because the pertinent investments involved three separate transactions.

> When evidence of many acts is presented, any one of which could constitute the offense charged, the trial court must take one of two actions to ensure jury unanimity: (1) require the prosecution to elect the transaction on which it relies for the conviction, or (2) if there is not evidence to differentiate between the acts and there is a reasonable likelihood that jurors may disagree on the act the defendant committed, instruct the jury that to convict it must agree unanimously that the defendant committed the same act or that the defendant committed all of the acts included within the period charged.

*People v. Greer*, 262 P.3d 920, 925 (Colo. App. 2011).  But, when "a defendant is charged with crimes occurring in a single transaction,

---

[3] While the payment at issue in count 10 was made in four separate transfers, those transfers constituted one payment for a single transaction induced by a single statement.

the prosecutor need not elect among the acts, and the trial court need not give a modified unanimity instruction." *Id.*

¶ 29    Here, the unmodified jury instruction provided:

> In order to convict a defendant in each count of Securities Fraud based upon a material untrue statement or omission you must be unanimous in finding that the defendant made at least one specific material untrue statement or omission on or about the dates charged, in each count.

Each of counts 1, 2, 4, 9, and 10, was based on a unique transaction, so this unmodified unanimity instruction was sufficient. But, the three transactions in count 6 were induced through different statements: the first was based on Lindsey's claim he needed money to buy equipment to fulfill his Super Bowl contracts, and the second and third were based on separate claims that he needed cash to make payroll and meet other regular operating expenses. To be proper, the instruction needed to specify that the jury "must agree unanimously that the defendant committed the same act or that the defendant committed all of the acts included within the period charged." *Id.* In the event of retrial, we direct that the instructions be modified accordingly. If Lindsey's convictions are reinstated following a retrospective competency

17

hearing, the conviction on count 6 must remain vacated and the mittimus corrected accordingly because the jury instruction did not adequately inform the jury of the law. *Carter*, ¶ 52.

## IV. Conclusion

¶ 30 The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

JUDGE WEBB and JUDGE RICHMAN concur.