23CA2117 Peo v Rantz 03-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2117
El Paso County District Court No. 01CR4048
Honorable Marcus S. Henson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Geoffrey Del Rantz,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE SULLIVAN
Martinez* and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

Philip J. Weiser, Attorney General, Brittany Zehner, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

The Gasper Law Group, PLLC, Allen Gasper, Colorado Springs, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Geoffrey Del Rantz appeals the postconviction court's order denying his fourth Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     In 2002, a jury convicted Rantz of multiple offenses for sexually assaulting two minors, including sexual assault on a child by a person in a position of trust as a pattern of abuse.  The trial court sentenced Rantz to an aggregate indeterminate sentence of forty years to life in the custody of the Department of Corrections.  On direct appeal, a division of this court affirmed Rantz's convictions, although it remanded for resentencing with conflict-free counsel.  *People v. Rantz*, (Colo. App. No. 02CA2120, Apr. 20, 2006) (not published pursuant to C.A.R. 35(f)) (*Rantz I*).  The division also affirmed the postconviction court's order denying Rantz's first Crim. P. 35(c) motion for postconviction relief.  *Id.*  On remand with conflict-free counsel, the trial court again sentenced Rantz to an aggregate indeterminate sentence of forty years to life.

¶ 3     In 2007, Rantz filed a second Crim. P. 35(c) motion pro se, which the postconviction court declined to rule on because Rantz was represented by counsel at the time.  After counsel withdrew, Rantz filed a third Crim. P. 35(c) motion pro se that raised fourteen

claims for relief, including that his trial counsel had provided ineffective assistance of counsel. The postconviction court denied the motion, and a division of this court affirmed. *People v. Rantz*, (Colo. App. No. 10CA2276, Apr. 26, 2012) (not published pursuant to C.A.R. 35(f)) (*Rantz II*).

¶ 4    In 2022, Rantz filed his fourth Crim. P. 35(c) motion, this time through counsel. As relevant to this appeal, Rantz alleged that his trial counsel had provided ineffective assistance by advising him to reject two plea offers based on counsel's mistaken belief that he would receive the same sentence if he was convicted at trial. According to Rantz, trial counsel also advised him incorrectly that he would have to serve only fifty percent of any sentence imposed after trial before becoming parole eligible. His trial counsel's error couldn't have been discovered earlier, Rantz asserted, because the Department of Corrections had only recently issued its official time computation report with his parole eligibility date.

¶ 5    After holding an evidentiary hearing in September 2023, the postconviction court found in a detailed oral ruling that Rantz had established excusable neglect for bringing his claims more than three years after his felony convictions became final, *see* § 16-5-

2

402(1), (2)(d), C.R.S. 2024, but it nevertheless denied Rantz's motion on the merits.

¶ 6    Rantz now appeals. He contends that the postconviction court erred by (1) finding that two alleged plea offers described in letters that his trial counsel sent him before trial weren't actual offers made by the prosecution; (2) not applying current state and federal precedent to evaluate the effectiveness of trial counsel's performance; and (3) not appropriately considering an active conflict that arose between Rantz and trial counsel during plea negotiations. We address and reject each contention in turn.

II.    Applicable Law and Standard of Review

¶ 7    A criminal defendant has a constitutional right to the effective assistance of counsel. *People v. Rainey*, 2023 CO 14, ¶ 1. To prevail on an ineffective assistance of counsel claim, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced their defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice in this context means that the defendant has shown a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694. A reasonable

probability is "a probability sufficient to undermine confidence in the outcome." *People v. Houser*, 2020 COA 128, ¶ 30 (quoting *Strickland*, 466 U.S. at 694). A defendant must establish both prongs under *Strickland* to succeed on their ineffective assistance of counsel claim. *People v. Garcia*, 815 P.2d 937, 941 (Colo. 1991).

¶ 8 Ineffective assistance of counsel claims present mixed questions of law and fact. *People v. Corson*, 2016 CO 33, ¶ 25. We review the postconviction court's legal conclusions de novo but defer to the court's factual findings if they are supported by the record. *Id.* We also defer to the court's determinations regarding the weight and credibility of witness testimony at an evidentiary hearing. *Dunlap v. People*, 173 P.3d 1054, 1061-62 (Colo. 2007).

### III. Discussion

#### A. Timeliness

¶ 9 At the outset, we reject the People's arguments that Rantz's claims in his 2022 motion were time barred and that the postconviction court erred by reaching their merits.

¶ 10 We recognize that a defendant must ordinarily commence a collateral attack on the validity of their felony conviction, except class 1 felonies, within three years of the date of conviction. § 16-5-

402(1).  But an exception to this time bar exists when the postconviction court finds "circumstances amounting to justifiable excuse or excusable neglect."  § 16-5-402(2)(d).  Whether the defendant has demonstrated justifiable excuse or excusable neglect is a question of fact for the postconviction court.  *People v. Shepherd*, 43 P.3d 693, 698 (Colo. App. 2001).

¶ 11    In its oral ruling, the postconviction court found that Rantz had shown excusable neglect based on the difficulties he experienced in securing his exact parole eligibility date from the Department of Corrections' time computation division.  The record supports this finding.  Rantz testified that (1) Department personnel repeatedly gave him inconsistent parole eligibility dates; (2) he attempted to file a formal grievance in 2017 but was told that time computation wasn't a cognizable grievance; and (3) he didn't receive the Department's official time computation report from its head of case management until December 2021.  Rantz's postconviction counsel filed his current Crim. P. 35(c) motion less than two months later.

¶ 12    Because the postconviction court's finding of excusable neglect is supported by the record, we won't disturb its finding on review. *See Shepherd*, 43 P.3d at 698.

### B.    Validity of Plea Offers

¶ 13    We next turn to Rantz's contention that the postconviction court erred by finding that the prosecution didn't make Rantz two plea offers that his trial counsel described in a pair of letters to Rantz while he awaited trial.

¶ 14    In his 2022 motion for postconviction relief, Rantz relied on his trial counsel's letters to allege that the prosecution had extended two alternative plea offers — that Rantz plead guilty to either (1) one count of sexual assault on a child, a class 4 felony, with an open sentence to the court; or (2) second degree kidnapping and theft.

¶ 15    Rantz's trial counsel testified, however, that she had written her two letters to Rantz early in the case and that the prosecution ultimately refused to make any plea offer that wasn't a "sex indeterminate offer." She explained that the prosecution's offer was for Rantz to plead guilty to sex assault on a child (position of trust)

as a class 3 felony with an indeterminant sentence. She testified as follows:

> Well, at some point, I believed that he had —
> that they had offered a kidnapping, theft case.
> But, you know, ultimately, I — I need to make
> clear that these letters were written within 2 to
> 3 weeks of — I mean, they were very early on
> in the case, the two exhibits, A and B. Things
> progressed, you know, in a much more heated,
> contested fashion from there. But they were
> filed — written early in the case. So, you
> know, at some point, it became absolutely
> clear that we were not going to get anything
> other than a sex — a sex indeterminate offer.

¶ 16    The trial prosecutor similarly testified that, because Rantz's case was high profile, his team declined to offer a "non-sex charge." He explained that such an offer was a "non-starter"; that Rantz's trial counsel had sought a "non-sex plea," but he "quickly shut [it] down"; and that he "would have been fired" for making such an offer. Consistent with trial counsel's testimony, the prosecutor testified that the only offer the prosecution had extended was for Rantz to plead guilty to sex assault on a child (position of trust) with an open sentence.

¶ 17    In its oral ruling, the postconviction court found credible the prosecutor's testimony that his team had extended only one plea

offer and that any request for Rantz to plead to a non-sex offense was a non-starter. As a result, the court determined that trial counsel couldn't have advised Rantz to accept a plea offer that the prosecution never actually extended. The court also found credible trial counsel's testimony that, in addition to her two letters, she had multiple in-person and telephone conversations with Rantz regarding possible penalties. Because the court's findings enjoy record support, they are binding on us on review. *See, e.g.*, *Downey v. People*, 25 P.3d 1200, 1206 (Colo. 2001).

¶ 18    We aren't persuaded otherwise by Rantz's arguments that (1) the postconviction court should have placed more weight on trial counsel's "objective" letters, and (2) the prosecutor's memory was "unreliable." Although Rantz presented some evidence supporting his version of how the plea negotiations played out, we may not revisit the postconviction court's determinations of witness credibility or the weight given to the evidence. *See People v. Williams*, 908 P.2d 1157, 1161 (Colo. App. 1985).

¶ 19    Accordingly, we perceive no error in the postconviction court's finding that the prosecution didn't extend the plea offers described in trial counsel's letters to Rantz.

## C.    Trial Counsel's Plea Phase Advice

¶ 20    Rantz next contends that the postconviction court erred by failing to apply current state and federal precedent to evaluate the effectiveness of trial counsel's performance during plea negotiations. We conclude that, even if we assume without deciding that trial counsel's performance was deficient, Rantz failed to establish prejudice.

¶ 21    A defendant who receives ineffective assistance of counsel during plea negotiations and then proceeds to trial in lieu of taking a plea offer may suffer prejudice from either a conviction on more serious counts or the imposition of a more severe sentence. *Lafler v. Cooper*, 566 U.S. 156, 166 (2012).  To prove such prejudice, the defendant must show, as relevant here, a reasonable probability that they would have accepted the plea offer rather than going to trial if they had been properly advised. *People v. Delgado*, 2019 COA 55, ¶ 21.

¶ 22    The postconviction court found that Rantz suffered no prejudice from trial counsel's allegedly deficient plea-phase advice because (1) the prosecution never actually extended the plea offers that Rantz asserted he would have accepted, and (2) Rantz's

"steadfast adherence" to his innocence showed that he wouldn't have accepted a plea offer in any event.

¶ 23 The record supports the postconviction court's first finding, as discussed above.

¶ 24 The record also supports the postconviction court's second finding. Rantz's trial counsel testified at the 2023 hearing that Rantz had maintained his innocence from the beginning of the case through sentencing; that Rantz "was not interested in a plea, period"; and that Rantz's sole focus throughout the "entire litigation" was being able to continue his relationship with one of the victims. By crediting trial counsel's testimony, the postconviction court necessarily rejected Rantz's conflicting evidence suggesting that he would have accepted a plea offer had he been properly advised. We may not reweigh the conflicting evidence to reach a different result. *See People v. Sifuentes*, 2017 COA 48M, ¶ 30 (Appellate courts give "substantial deference" to the postconviction court's findings when its prejudice determination "depends heavily on the court's credibility findings or its resolution of factual disputes.").

¶ 25    To the extent Rantz on appeal relies on evidence appended to his emergency petition for rehearing that sought reconsideration of the court's decision denying his Crim. P. 35(c) motion, we agree with the People that Rantz was obligated to introduce such evidence during the 2023 evidentiary hearing. *See People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008) ("The rules of criminal procedure do not authorize a motion to reconsider postconviction orders."). Rantz doesn't argue that the evidence appended to his petition for rehearing couldn't have been discovered earlier through the exercise of due diligence, *see* Crim. P. 35(c)(3)(VI)(a), nor does the record reveal such evidence.[1]

¶ 26    Accordingly, the postconviction court didn't err by denying Rantz's ineffective assistance of counsel claim.

---

[1] For the first time in his reply brief, Rantz contends that, if we determine that postconviction counsel should have introduced the evidence at the 2023 evidentiary hearing, we should remand the case for the postconviction court to address the effectiveness of his postconviction counsel. But we don't address arguments raised for the first time in a reply brief. *People v. Owens*, 2024 CO 10, ¶ 90.

### D. Conflict of Interest

¶ 27    Rantz also contends that the postconviction court erred by failing to consider an "active conflict" that arose between Rantz and trial counsel during plea negotiations.

¶ 28    According to Rantz, one of his alleged minor victims contacted his trial counsel to seek advice about emancipation after having run away to California. Trial counsel failed to report her communication with the minor, but the prosecution eventually discovered the communication and moved to disqualify her, alleging that she had become a fact witness on the kidnapping charge against Rantz. Although the trial court denied the prosecution's motion, Rantz argues that trial counsel's actions created a conflict of interest that prevented her from effectively representing his interests during plea negotiations. The postconviction court denied Rantz's claim as successive, explaining that the "appellate courts have already addressed this issue sufficiently."

¶ 29    Under Crim. P. 35(c)(3)(VI), a postconviction court must deny as successive any claim that was "raised and resolved in a prior appeal or postconviction proceeding" on behalf of the same

12

defendant. We review de novo whether a Crim. P. 35(c) claim is properly denied as successive. *People v. Taylor*, 2018 COA 175, ¶ 8.

¶ 30     In *Rantz I*, the division determined that Rantz's trial counsel had a conflict of interest in representing Rantz *at sentencing* based on a renewed investigation by the district attorney's office "following the trial." *Rantz I*, slip op. at 14. But the division rejected Rantz's related contention that trial counsel labored under a conflict "up to and through the time of trial." *Id.* at 10. Thus, because a division of this court has already rejected Rantz's contention that his trial counsel labored under a conflict of interest during pretrial plea negotiations, we reject his claim as successive. *See* Crim. P. 35(c)(3)(VI).

¶ 31     We aren't persuaded otherwise by Rantz's argument that his earlier conflict-related arguments focused only on the trial, not on trial counsel's plea-phase negotiations. On this record, we fail to see how Rantz's trial counsel could labor under a conflict during plea negotiations but not the trial itself. *See Thomas*, 195 P.3d at 1165 (Crim. P. 35(c)(3)(VI)'s bar on successive claims prevents relief "based on the same *or similar* allegations.") (emphasis added).

¶ 32   Accordingly, we discern no error in the postconviction court's decision rejecting Rantz's claim that his trial counsel labored under a conflict of interest during plea negotiations.

## IV.   Disposition

¶ 33   We affirm the order.

JUSTICE MARTINEZ and JUDGE TAUBMAN concur.