25CA0572 Peo v Karp 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0572
Mesa County District Court No. 18CR2163
Honorable Matthew D. Barrett, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Steven Joshua Karp,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division II
Opinion by JUDGE KUHN
Fox and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Philip J. Weiser, Attorney General, Allison S. Block, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Steven Joshua Karp, Pro Se

¶ 1    Defendant, Steven Joshua Karp, appeals the postconviction court's orders denying his Crim. P. 35(c) motion without a hearing and his motion to reconsider that ruling.  We affirm.

## I.    Background

¶ 2    Police stopped a vehicle in which Karp was a passenger.  Karp got out of the vehicle, and a police officer observed Karp holding a syringe loaded with what the officer suspected was methamphetamine.  The officer removed several small containers from Karp's person that the officer presumed also contained methamphetamine.  Karp spontaneously admitted to carrying drugs.

¶ 3    The prosecution charged Karp with possession with intent to manufacture or distribute a controlled substance, possession of drug paraphernalia, and three habitual criminal counts.  Karp pleaded guilty to possession with intent to manufacture or distribute a controlled substance, § 18-18-405(1), (2)(c)(II), C.R.S. 2025, in exchange for the dismissal of the remaining charges, and the parties stipulated to a six-year sentence to community corrections.

¶ 4     On April 22, 2019, the district court sentenced Karp to six years in community corrections. He later filed a motion to convert his community corrections sentence to a Department of Corrections (DOC) sentence. In August 2021 the court resentenced him to six years in the custody of the DOC with applicable credit for time served.

¶ 5     Later that year, Karp filed a Rule 35(b) motion for sentence reconsideration, which the postconviction court denied.

¶ 6     In January 2025, Karp filed a motion to correct an illegal sentence under Rule 35(a), asserting that his sentence was illegal because the district court had failed to consider restitution. Citing *People v. Rosales*, the postconviction court granted the motion and amended the judgment of conviction to reflect that no restitution was ever sought or requested. *See* 134 P.3d 429, 431 (Colo. App. 2005) ("Absent a specific finding that the victim did not suffer a pecuniary loss, restitution is a mandatory part of the sentence.").

¶ 7     On February 10, 2025, Karp filed a pro se Rule 35(c) motion alleging that his guilty plea was coerced and plea counsel was ineffective. Specifically, he argued that plea counsel used Karp's mental disorders and addiction against him to coerce him into a

plea agreement with threats of habitual criminal charges. The postconviction court denied the motion without a hearing. The court found that the motion was untimely with no justifiable excuse or excusable neglect for the delay. It also found that, even if the motion had been timely, it failed on the merits.

¶ 8 Karp filed a motion to reconsider the postconviction court's denial of his Rule 35(c) motion. He asserted a new claim that there was a conflict of interest because the Mesa County Combined Courts now employed plea counsel. The court denied the motion, finding no proper legal basis for recusal.

## II. Analysis

¶ 9 Karp contends that the postconviction court erred by denying his Rule 35(c) motion and motion to reconsider. We disagree.

¶ 10 We review de novo a postconviction court's denial of a Rule 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 11 Rule 35(c) claims are subject to the time bar identified in section 16-5-402(1), C.R.S. 2025. Except for class 1 felony convictions, a Rule 35(c) motion is time barred if filed more than three years after the conviction is final, unless the defendant can establish justifiable excuse or excusable neglect (or another

3

statutory exception) to permit an untimely motion. *See*
§ 16-5-402(1), (2)(d). Where, as here, the defendant does not file a
direct appeal, a conviction is final when the district court sentences
the defendant and enters the judgment. *People v. Collier*, 151 P.3d
668, 671 (Colo. App. 2006).

¶ 12    Thus, Karp had until April 22, 2022 — three years after
sentencing — to file his Rule 35(c) motion. Because Karp filed his
motion in February 2025 and did not allege facts showing justifiable
excuse or excusable neglect, or any other statutory exception, his
motion was time barred.

¶ 13    We recognize that when a court corrects an illegal sentence, as
the postconviction court did here in January 2025, a new
three-year period begins to run for a defendant to pursue a certain
type of Rule 35(c) claim. *Hunsaker v. People*, 2021 CO 83, ¶ 3.
However, the new time period only allows "defendants to raise
arguments [in their Rule 35(c) motions] addressing how the
illegality in their sentence potentially affected the original
conviction." *Id.* But in his Rule 35(c) motion, Karp argued only
that his plea was coerced and plea counsel was ineffective; he did
not assert any arguments regarding restitution or how the illegality

in his original sentence pertaining to restitution affected his conviction.

¶ 14 Therefore, the postconviction court did not err by denying Karp's Rule 35(c) motion as untimely.

¶ 15 The postconviction court also did not err by denying Karp's motion to reconsider because "[t]he rules of criminal procedure do not authorize a motion to reconsider postconviction orders." *People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008). Karp's motion to reconsider was essentially a successive motion for postconviction relief that is procedurally barred by Rule 35(c)(3)(VI). *See Thomas*, 195 P.3d at 1165. Karp does not assert an exception to that rule, and we perceive none that could apply here.

¶ 16 Finally, to the extent Karp raises issues on appeal that he did not raise in the postconviction court, we decline to address them. *See Cali*, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

## III. Disposition

¶ 17    The orders are affirmed.

JUDGE FOX and JUDGE SULLIVAN concur.